UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Phillip S. Robicheau,<br>      Plaintiff<br><br>v.<br><br>Global Acceptance Credit Company, LP, and<br>Paul Morton<br>      Defendants | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

5. Plaintiff, Phillip S. Robicheau is an adult individual residing in the Town of Macungie, County of Lehigh, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Global Acceptance Credit Company, LP. (hereinafter "Defendant" or "GACC"), is upon information or belief a Texas business entity with an address of 5850 W. Interstate 20, Suite 100, Arlington, Texas 76017.

7. Defendant, Paul Morton is upon information or belief an agent/employee/officer of GACC, who regularly engages in the business of collecting debts, and has a principal place of business located at 5850 W. Interstate 20, Suite 100, Arlington, Texas 76017.

8. At all times relevant to this Complaint, Defendants, GACC and Morton transacted business in the Eastern District of Pennsylvania and at other locations throughout the

United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff, Phillip Robicheau, allegedly incurred a financial obligation to Chase Bank.

10. The alleged debt at issue arose out of transactions that were primarily for personal, family and/or household purposes, and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Due to circumstances beyond his control, Plaintiff was unable to make his regular payments and his alleged account fell into default.

12. Defendant GACC subsequently obtained Plaintiff's alleged Chase Bank account for collection in or around June of 2010.

13. In an effort to obtain payment from the Plaintiff, Defendant GACC through its agents/employees, began placing telephone calls and mailing written correspondence to Plaintiff's home.

14. On or around June 7, 2010, Defendant, GACC through its agent/employee, Mr. Morton, sent a dunning letter to Plaintiff's residence requesting payment of the alleged debt. A true and correct copy of Defendants' letter is attached hereto and incorporated herein as Exhibit "A."

15. Defendants' June 7, 2010 dunning letter is a "communication" as defined by the FDCPA.

16. Upon receipt of Defendants' June 7, 2010 letter, Plaintiff placed a telephone call to Defendant GACC. During the telephone call, Mr. Robicheau explained that he

received the Defendants' June 7, 2010 letter and inquired as to what the parties could do to resolve the matter.

17. Despite the parties' discussions regarding the alleged debt no agreement on resolution of the matter was reached.

18. Following the telephone communication between Mr. Robicheau and the Defendants, Defendants began contacting Plaintiff's sister-in-law, Anna Robicheau.

19. On multiple occasions throughout June and July 2010, Defendant GACC through its agents/employees, including Mr. Morton, contacted Plaintiff's sister-in-law, Anna Robicheau, via telephone, sometimes multiple times per day, despite previous communications with Plaintiff and prior knowledge of Plaintiff's mailing address and telephone number, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692d, 1692e and 1692f amongst others.

20. On at least one occasion, Defendant GACC, through its employees/agents advised Plaintiff's sister-in-law that papers would be filed if Phil and Sophie (Plaintiff's wife) did not return his calls. Such statements are in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11) and 1692f amongst others.

21. While attempting to collect the alleged debt from Plaintiff, Defendant GACC, through its agents/employees acted in an abusive, harassing and deceptive manner

contrary to the standards of civilized society and the standards employed by others in its industry.

22. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

## PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

29. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

30. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

  (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

  (b) Communicating with any person other than the consumer for purpose other than acquiring location information;

(c) Without the prior consent of the consumer communicating with at any unusual place which should be known to be inconvenient to the consumer;

(d) Communicating with any other than the consumer or his attorney without the prior consent of the consumer;

(e) Communicating with a third party and stating that the consumer owes a debt;

(f) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

(g) The false representation of the character, amount, or legal status of any debt;

(h) The threat to take any action that cannot legally be taken or that is not intended to be taken;

(i) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

(j) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

(k) The attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

33. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling him to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns of affairs of the Plaintiff.

36. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

37. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.

38. Defendants, without the authorization or permission of Plaintiff disclosed information of a personal, confidential and financial nature to a third party.

39. The intrusion by Defendants occurred in way that would be highly offensive to a reasonable person in Plaintiff's position.

40. Defendant, GACC, participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

41. Defendant, Morton participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

8

42. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### (FCEUA)

### 73 P.S. § 2270.1 et. seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;
- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;
- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;
- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;
- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- Actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;
- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;
- for such other and further relief as may be just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

Respectfully submitted,

Dated: September 20, 2010

**RAPA LAW OFFICE, P.C.**

By: _____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Phillip S. Robicheau, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 9-26-10

Phillip S. Robicheau

EXHIBIT "A"

**Global Acceptance Credit Company, LP**

5850 W. Interstate 20, Ste 100 - Arlington, TX 76017
Toll Free 866-881-2590 - Local (817) 561-2600
Fax (817) 561-2288

Dept 545
PO Box 4115
Concord, CA 94524

June 7, 2010

GACC Account #: 902885-1
Original Creditor: Chase Bank USA
RE: Visa
Current Creditor: Global Acceptance Credit Co.
Current Balance Due: $26589.92
Amount Enclosed: _____

ADDRESS SERVICE REQUESTED

#BWNFTZF #GLA2489172110069#

PHILLIP S ROBICHEAU
6911 SUNFLOWER LN
MACUNGIE PA 18062-8672

Global Acceptance Credit Co.
PO Box 172800
Arlington TX 76003-2800

*** Detach Upper Portion and Return with Payment ***

Dear PHILLIP S ROBICHEAU,

We have recently purchased and now OWN your ACCOUNT. All rights have been transferred to us. Please contact us to discuss this matter with one of our representatives.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

The Current Balance Due includes principal, interest and possibly fees imposed by the originator. Interest may continue to accrue on this account and the balance due on the day that you choose to pay could be different than the balance above. Please contact us for a current balance.

Please contact us and allow our representative to assist you in resolving this issue.

Call 866-881-2590.

If you have an attorney representing you in connection with this debt, we are not aware of that fact and we would appreciate it if you would furnish the name and phone number of your attorney. If you have filed bankruptcy, we are similarly unaware of that fact and would appreciate your bankruptcy case number and date of filing.

Sincerely,

Paul Morton

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

All future payments and correspondence should be addressed to:

Global Acceptance Credit Co.
P.O. Box 172800
Arlington, TX 76003-2800

Original Creditor: Chase Bank USA
RE: Visa
Current Creditor: Global Acceptance Credit Co.
Reference #: 4444001008815320
Current Balance Due: $26589.92
GACC Account #: 902885-1

Hours of Operation:
Mon-Thur: 8am - 9pm CST
Fri: 8am - 6pm CST
Sat: 10am - 2pm CST

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

GLA1-0604C300119-JGLA-2 119